**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JONATHAN HOWARD,** | : | **Civil Action No.** |
| **87 W 46th Street** | : | |
| **Apartment 2** | : | |
| **Bayonne, NJ 07002** | : | |
|       **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **CAREWELL HEALTH MEDICAL** | : | |
| **CENTER f/k/a EAST ORANGE** | : | |
| **GENERAL HOSPITAL,** | : | |
| **300 Central Avenue** | : | |
| **East Orange, NJ 07018** | : | |
|       **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Jonathan Howard (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against CareWell Health Medical Center f/k/a East Orange General Hospital (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the New Jersey Law Against Discrimination ("LAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, CareWell Health Medical Center f/k/a East Orange General Hospital is a community hospital with a location and corporate headquarters located at 300 Central Avenue, East Orange, NJ 07018.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number 524-2021-00683 and was dual filed with the New Jersey Division on Civil Rights.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 22, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African American male.

21. In 2016 Defendant hired Plaintiff in the position of Mental Health Screener.

22. Plaintiff was well qualified for his position and performed well.

23. In 2018, Plaintiff's position title changed to Mental Health Access Coordinator.

24. In the winter of 2018, James Kimberling (Caucasian) became the Crisis Supervisor and Plaintiff's direct supervisor.

25. Approximately one (1) month after assuming this position, Mr. Kimberling began to be overly critical of Plaintiff's work product.

26. For instance, Mr. Kimberling would reprimand Plaintiff for minor issues with his reports and misspellings.

27. However, Mr. Kimberling himself frequently made errors in his reports and consistently had spelling mistakes.

28. Additionally, Mr. Kimberling frequently assigned Plaintiff to work alone which Plaintiff believed was an attempt to overwhelm him with work.

29. When Plaintiff requested additional detail and clarification with instructions, Mr. Kimberling became visibly annoyed and commented that Plaintiff was "the only one who didn't get it."

30. However, Mr. Kimberling did not make similar comments if Plaintiff's non-African American coworkers requested additional clarification on assignments.

31. In addition, Mr. Kimberling made inappropriate racial comments and jokes throughout his tenure as Crisis Supervisor.

32. On one instance, Plaintiff ordered Jamaican food with other coworkers for lunch.

33. Mr. Kimberling saw the food and asked, "We Jamaican now?"

34. Plaintiff felt that Mr. Kimberling's joke was offensive and directed towards Plaintiff's race.

35. Throughout 2019 and 2020, Mr. Kimberling refused to allow Plaintiff to have the holidays off that he requested.

36. However, he allowed Shefali LNU (Indian), Mental Health Access Coordinator, to have these same holidays off.

37. In addition, Mr. Kimberling allowed Shefali to request consecutive holidays off which went against Defendant's policies and procedures.

38. In or around early 2019, Plaintiff began to complain to Chanel LNU, Crisis Director, approximately every other month regarding Mr. Kimberling's discriminatory treatment.

39. Initially, Chanel informed Plaintiff that she had instructed Mr. Kimberling to "lay off."

40. However, Mr. Kimberling did not cease his disparate treatment of Plaintiff.

41. In or around early 2020, Chanel informed Plaintiff that Mr. Kimberling treated all of the other employees in this manner.

42. However, it was clear that he did not.

43. Plaintiff believed Chanel stated this to him in an attempt to have Plaintiff cease his complaints.

44. Plaintiff continued to complain about Mr. Kimberling's conduct, but his complaints were not properly addressed.

45. In or around mid-May 2020, Mr. Kimberling and Chanel placed Plaintiff on a Performance Improvement Plan ("PIP").

46. Plaintiff's work product did not warrant a PIP and he believed it was in retaliation for his complaints.

47. In or around early June 2020, Plaintiff called Human Resources and reported how Mr. Kimberling was singling him out and harassing him.

48. The Human Resources Representative instructed Plaintiff to submit a written statement regarding Mr. Kimberling's conduct.

49. Plaintiff followed the instructions, but a computer error prevented him from submitting his statement to Human Resources.

50. The next day, Chanel called Plaintiff and asked to speak with him.

51. Plaintiff was unable to at the time and informed her that he could speak with her the following day.

52. The day after, Chanel and a Human Resources Representative called Plaintiff and terminated him for alleged poor work performance.

53. Defendant terminated Plaintiff just two (2) days after his complaint to Human Resources.

54. Plaintiff was still on the PIP at the time of his termination.

55. It is Plaintiff's position that he was discriminated against due to his race and retaliated against for complaining about the aforementioned discrimination in violation of Title VII and the LAD.

**COUNT I – RACE DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a member of protected classes in that he is African American.

58. Plaintiff was qualified to perform the job for which he was hired.

59. Plaintiff suffered adverse job actions, including, but not limited to termination.

60. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

61. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

62. Defendants discriminated against Plaintiff on the basis of race.

63. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

64. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African American).

67. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff engaged in protected activity protected by Title VII when he complained about race discrimination.

70. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

71. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. Plaintiff engaged in activity protected by the LAD when he complained about race discrimination.

74. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

75. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jonathan Howard, requests that the Court grant him the following relief against Defendants:

(a)  Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the LAD.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

                                                  **RESPECTFULLY SUBMITTED,**

                                                  **KOLLER LAW, LLC**

Date: September 20, 2022    **By:**    ***/s/ David M. Koller***
                                                        David M. Koller, Esquire
                                                        Jordan D. Santo, Esquire
                                                        2043 Locust Street, Suite 1B
                                                        Philadelphia, PA 19103
                                                        215-545-8917
                                                        davidk@kollerlawfirm.com
                                                        jordans@kollerlawfirm.com

                                                        *Counsel for Plaintiff*